UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | CASE NO. 3:24-cv-05853-BHS |
| Plaintiff, | ORDER |
| v. | |
| ATLASRHINO INC, et al., | |
| Defendant. | |

This matter is before the Court on plaintiff Country Mutual's motion for summary judgment, Dkt. 38, and defendants Atlasrhino and Troy Dreiling's cross-motion for summary judgment, Dkt. 50.

Because Country Mutual's insurance policies do not conceivably cover the workplace misconduct alleged against Atlasrhino and Dreiling in the underlying case, there is no duty to defend or indemnify as a matter of law.

## I.    BACKGROUND

Atlasrhino is a chiropractic clinic owned and run by Dreiling in Vancouver, Washington. Country Mutual insured Atlasrhino under a businessowners policy, and

1  Dreiling and his wife under a homeowners policy and an umbrella policy.[1] Dkt. 1-1 at 11,
2  858.

3        The businessowners policy covers "bodily injury," "property damage," and
4  "personal and advertising injury" caused by an "occurrence," meaning an "accident." *Id.*
5  at 84, 98. The injury cannot arise out of "employment-related practices, policies, acts or
6  omissions," including "harassment, humiliation, discrimination." *Id.* at 116.

7        The umbrella policy similarly covers "bodily injury," "personal injury," and
8  "property damage" caused by an occurrence. *Id.* at 858. It defines occurrence as an
9  accident, as well as an act resulting in personal injury. It limits personal injury to false
10 arrest, false imprisonment, wrongful eviction, wrongful detention, or malicious
11 prosecution, and (some) defamation. *Id.* at 947. Bodily injury means "physical harm to a
12 person, including sickness or disease, and any required care, loss of services, or death
13 resulting from the physical harm." *Id.* The umbrella policy excludes injury and damage
14 arising out of a business pursuit, as well as claims arising out of "sexual misconduct." *Id.*
15 at 860, 951. "[S]exual misconduct" includes "any activity . . . which is sexual in nature,"
16 including the "reproduction of sexual activity" and "lewd and lascivious behavior." *Id.* at
17 858.

18       In May 2024, several former female Atlasrhino employees sued Atlasrhino and
19 Dreiling, asserting claims for sex discrimination, sexual harassment, and negligent
20 infliction of emotional distress. Dkt. 53-1. They alleged that Dreiling would often "slap

21 _____
   [1] Because the parties do not differentiate between the homeowners and umbrella policies
22 in their briefing, the Court does the same in this Order.

1    female employees" with a riding crop, make inappropriate sexual references in

2    conversations, "frequently isolate female employees and insist on one-on-one

3    conversations or meetings" in which they felt threatened or uncomfortable, and "regularly

4    use demeaning gender-based epithets in the workplace." *Id.* at 10, 15–17, 21.

5         One plaintiff, Suzanne Kelton, alleged Dreiling sent her "dozens of memes that

6    depict anti-transgender, anti-immigrant, sexist, sex-based, homophobic, and other

7    inappropriate topics" on the private messaging application Telegram. *Id.* at 19–20.

8    Dreiling admitted to Kelton that one of these obscene images was "kinda in appropriate

9    [sic]." *Id.* at 21.

10        Atlasrhino and Dreiling tendered the defense to Country Mutual. Country Mutual

11   agreed to defend under a reservation of rights and brought this declaratory judgment

12   action on October 4, 2024, seeking a determination that it had no duty to defend or

13   indemnify its insureds from the underlying claims. Dkt. 1; Dkt. 38 at 6. Atlasrhino and

14   Dreiling countersued, seeking the opposite determination. Dkt. 19. They also alleged

15   Country Mutual breached its duty to defend in bad faith, a claim they later withdrew. Dkt.

16   34. The underlying case settled. Dkt. 57.

17        Country Mutual moves for summary judgment on the duty to defend. Dkt. 38. It

18   argues the policy clearly does not cover the allegations in the underlying complaint

19   because the conduct falls under the policies' exclusions. It also argues that the declaratory

20   judgment is now moot because the underlying case has settled. Dkt. 56 at 1.

21        Atlasrhino and Dreiling also move for summary judgment. Dkt. 50. They contend

22   the policies conceivably cover the allegations in the complaint, giving rise to a duty to

defend. They argue at least some of the underlying plaintiffs' allegations occurred outside the workplace, arising out of Dreiling and Kelton's personal friendship. Thus, they argue, the homeowner's policy conceivably covers those claims. *Id.* at 2. They finally insist the case cannot be moot because Country Mutual may still be liable for the costs it incurred in defending the underlying lawsuit. Dkt. 61 at 3–4.

The issues are addressed in turn.

## II.   DISCUSSION

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248.

On cross-motions, the defendant bears the burden of showing that there is no evidence which supports an element essential of the plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Conversely, the plaintiff "must prove each essential element by undisputed facts." *McNertney v. Marshall*, No. C-91-2605-DLJ, 1994 WL 118276, at *2 (N.D. Cal. Mar. 4, 1994) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Either party may defeat summary judgment by showing there is a

genuine issue of material fact for trial. *Id.*; *Anderson*, 477 U.S. at 250. Although the parties may assert that there are no contested factual issues, this is ultimately the Court's responsibility to determine. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

**A.    Duty to defend**

In Washington, the duty to defend arises when an action is filed and is based on the potential for liability. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52 (2007). "Upon receipt of the complaint against its insured, the insurer is permitted to use the 'eight corners rule' to determine whether, on the face of the complaint and the insurance policy, there is an issue of fact or law that could conceivably result in coverage under the policy." *Xia v. ProBuilders Specialty Ins. Co*., 188 Wn.2d 171, 182 (2017) (citing *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wn.2d 793, 803 (2014)). If the insurance policy "*conceivably covers* the allegations in the complaint," the duty to defend is triggered. *Woo*, 161 Wn.2d at 53. An insurer "unsure of its obligation to defend in a given instance . . . may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 761 (2002). The insurer bears the expense of defending the insured, *Woo*, 161 Wn.2d at 54, though that obligation ends "[a]fter obtaining a declaration of noncoverage." *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn. 2d 872, 885 (2013).

"[I]f a complaint is ambiguous, a court will construe it liberally in favor of triggering the insurer's duty to defend." *Woo*, 161 Wn.2d at 53. Although an insurer may look outside the complaint if the allegations are contradictory or ambiguous, or if

1   coverage is unclear, the insurer may only rely on extrinsic facts to *trigger*—not deny—the

2   duty to defend. *Id.* at 54; *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 752 (2013).

3          In interpreting an insurance contract, the Court looks to the intent of the parties,

4   "which is ascertained from the language of the contract." *Campbell v. Ticor Title Ins.*

5   *Co.*, 166 Wn.2d 466, 472 (2009). Language in an insurance contract is to be given its

6   ordinary meaning, and the Court reads the policy as the average person purchasing

7   insurance would. *Id.* (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64

8   (2000)). Policy exclusions are strictly and narrowly construed. *Id.*

9   **B.    Country Mutual must pay defense costs in the underlying action.**

10         Country Mutual agreed to defend the underlying action under a reservation of

11  rights and commenced this declaratory judgment action to ascertain whether it owed a

12  continuing duty to defend and indemnify under one or more of its policies. It also appears

13  to have "funded the underlying settlement." Dkt. 61 at 2. Atlasrhino and Dreiling assert,

14  however, that Country Mutual has not paid (or at least has not proved it paid) the

15  underlying defense costs, primarily attorneys' fees. Dkt. 38 at 6; Dkt. 50 at 4. They assert

16  a claim for those costs and also seek attorneys' fees in this declaratory judgment action

17  under *Olympic Steamship Co. Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991). Dkt. 56

18  at 2; Dkt. 61 at 3.

19         Country Mutual's argument that the underlying settlement mooted this action is

20  persuasive. It defended its insured under a reservation of rights through a successful

21  mediation, which it apparently funded. Nevertheless, Atlasrhino and Dreiling also seek

22  the fees they incurred in this action under *Olympic Steamship,* and the resolution of that

claim requires the Court to address whether Country Mutual owed its insureds a defense

or indemnity under its policies

As discussed below, because Country Mutual is entitled to summary judgment that

the underlying claims were not conceivably covered under the policies, Atlasrhino and

Dreiling have not prevailed in this coverage declaratory judgment action, and they are not

entitled *Olympic Steamship* fees. *See Alaska Nat. Ins. Co. v. Bryan*, 125 Wn. App. 24, 36

(*Olympic* held that "an insurer is required to pay attorney fees for the declaratory

judgment action if the court there is coverage."). Consistent with its agreement to defend

under a reservation of rights, Country Mutual is required to pay the defense fees and costs

reasonably incurred up to the date of this Order in defending the underlying action.

## C.    The policies do not conceivably cover the complaint.

Based on the "eight corners" of the policies and the complaint, Country Mutual

did not and does not have a duty to defend Atlasrhino and Dreiling. The policies broadly

exclude claims arising out of employment and business pursuits. Dkt. 1-1 at 116, 860.

The businessowners policy expressly excludes claims arising out of employment-related

"harassment" and "discrimination." *Id.* at 116. The umbrella policy expressly excludes

claims "arising out of sexual misconduct." *Id.* at 951. On its face, the complaint alleges

that Dreiling subjected former Atlasrhino employees to sexual harassment and sex

discrimination "in the workplace," resulting in their emotional distress. Dkt. 53-1 at 3–4,

6. The Court reads the ordinary meaning of the insurance policies to exclude such alleged

conduct. Even when construing the exclusions "strictly and narrowly," Dreiling's alleged

1    misconduct with employees arises out of his employment-related practices and business

2    pursuits. *Ticor*, 166 Wn.2d at 472.

3          Dreiling and Atlasrhino argue that at least some of the underlying claims arose

4    from Dreiling's personal friendship with Kelton, as demonstrated by memes shared "over

5    a social media application." Dkt. 50 at 13. They argue such "nonwork-related conduct"

6    would be covered by the policies. *Id.* at 13–15.

7          The Court disagrees. While it may be true that Kelton and Dreiling were friends

8    outside of work, that is not an allegation in the four corners of the complaint. The

9    complaint alleges Kelton was an Atlasrhino employee who experienced persistent

10   workplace misconduct.[2] In addition to other harassment and discrimination, Kelton

11   alleges she received lewd images that Dreiling "regularly sent . . . to employees." Dkt.

12   53-1 at 19. The fact that Dreiling sent these inappropriate images over a messaging

13   application is hardly indicative of a personal friendship, especially because Kelton claims

14   similarly inappropriate conduct at work. The policies do not cover claims arising out of

15   employment practices and sexual misconduct. Dreiling's sharing of inappropriate memes

16   with former employees falls under both exclusions.

17         The policies do not conceivably cover the former employees' allegations against

18   Atlasrhino and Dreiling. Country Mutual does not have a duty to defend or indemnify

19   under any of its policies.

20

21   _____

22         [2] Sharing offensive messages with one's friends is generally not actionable. Kelton sued as an employee.

ORDER - 8

Country Mutual's motion for summary judgment, Dkt. 38, is **GRANTED**.

Atlasrhino and Dreiling's cross-motion for summary judgment, Dkt. 50, is **DENIED**.

The Clerk shall enter a judgment and close the case.

IT IS SO ORDERED.

Dated this 5th day of January, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 9